UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

        Plaintiff,                               Hon. Richard Alan Enslen

v.                                              Case No. 4:04 CV 136

DANIEL KRUGER, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants McCoy's and Grider's Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

**BACKGROUND**

Plaintiff has a demonstrated history of abusing the legal process. *See, e.g., Reeves v. Smith, et al.*, Opinion, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004). In response to Plaintiff's abusive legal tactics, the Honorable Robert Holmes Bell, Chief Judge, issued an injunction against Plaintiff on March 31, 2004, which provides as follows:

> IT IS FURTHER ORDERED that an injunction is issued against plaintiff with regard to all future lawsuits filed in this court (or initially filed in the United States District Court for the Eastern District of Michigan and transferred to this court) requiring plaintiff, upon pain of dismissal: (1) to utilize the court-approved form for prisoner civil rights complaints and complete all sections of that form; (2) to limit any supplement to the complaint form to no more than three single-sided sheets of paper

> containing legibly written factual allegations; (3) to limit his complaint to claims arising out of a common nucleus of fact; (4) to attach to his complaint only those exhibits necessary to demonstrate exhaustion of the claims asserted in the complaint against each named defendant and not exhibits relating to the merits of the claim; and (5) to preclude plaintiff from supplementing or amending his complaint in any future case without having first obtained leave of court, with a brief in support of any application for leave to amend showing that each proposed claim is exhausted as to each defendant and detailing how the proposed amendment arises out of the same nucleus of fact, why leave should be granted to add claims and/or parties, and plaintiff must attach to his brief a copy of the proposed amended complaint.

*Reeves v. Smith, et al.*, Judgment and Injunction, 4:03-cv-50 (W.D. Mich., Mar. 31, 2004).

Plaintiff asserts that on January 22, 2004, Defendants Grider, McCoy, and Kruger placed him in restraints "for over two hours for no reason other than to punish and discourage me from litigating." (Dkt. #1). Plaintiff asserts that the restraints "were put on so tight that the circulation in my legs and arms was cut off and I went numb. I was in severe pain and requested a nurse or health care and was denied." Finally, Plaintiff claims that Defendant Grider stated that if he "did not discontinue [his] litigation [he] would be shackled to [his] bed like [his] African ancestors were shackled to slave ships." *Id.* Plaintiff has not articulated the precise nature of his claims. The Court has interpreted Plaintiff's complaint as asserting claims under the First and Eighth Amendments as discussed below.

Defendants McCoy and Grider filed the present motion seeking summary judgment. Defendant Kruger has yet to be served in this matter. As detailed below, the Court recommends that Defendants' motion be granted. The Court further recommends that Plaintiff's claims against Defendant Kruger be dismissed for failure to timely effect service.

**STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 174, 178 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 178; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir.

1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.    Plaintiff's Eighth Amendment Claims**

Plaintiff has asserted two separate Eighth Amendment claims. First, Plaintiff asserts that Defendants placed the restraints on him so tightly that "the circulation in [his] legs and arms was cut off" causing him to experience numbness. The Court has interpreted this as a claim that Defendants improperly employed excessive force. Plaintiff also claims that he requested "a nurse or health care and was denied." The Court has interpreted this as a claim that Plaintiff was improperly denied medical treatment.

A.    Excessive Force Claims

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishment." *See Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). To determine whether Defendants' conduct falls below this standard, the Court employs a two prong test containing an objective and a subjective component.

The objective component of an excessive use of force claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Not every governmental action affecting inmates, however, is subject to Eighth Amendment scrutiny. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Constitution does not prohibit "de minimis uses of physical force" so long as "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. However, as the *Hudson* Court stated:

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Id.* at 9.

As for the subjective component, Plaintiff must establish that Defendants acted "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Id.* at 6; *see also*, *Thaddeus-X v. Love*, 2000 WL 712354 at *2 (6th Cir., May 22, 2000) ("[t]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment") (citing *Whitley*, 475 U.S. at 319). When evaluating whether Defendants' actions fall short of this standard, the Court should consider (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison officials, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

As Defendants correctly observe, Plaintiff's complaint fails to mention the circumstances which led to his placement in restraints. At 7:21 p.m. Plaintiff disobeyed a direct order by Officer Huizing to "back up to [his cell] door to have restraints applied." (Dkt. #19, Exhibit 2-C). Instead,

Plaintiff "swung his arm out" of his food slot in an attempt to assault Huizing. As he did so, Plaintiff told Huizing that "next time bitch I will stab your bitch ass." Huizing charged Plaintiff with a major misconduct violation for (1) disobeying a direct order and (2) threatening behavior. *Id.* Plaintiff has not refuted the allegations contained in the major misconduct report. Furthermore, Plaintiff was convicted of these violations and has submitted no evidence indicating that these convictions were overturned or otherwise called into doubt.

Defendants have submitted a videotape on which the subsequent events giving rise to the present action are captured. (Dkt. #26). The videotapes reveals that the response team arrived at Plaintiff's cell at 7:53 p.m. Plaintiff agreed to be placed in restraints and prison officials began placing the restraints on Plaintiff's wrists and ankles. At 8:01 p.m., after the placement of the restraints, Plaintiff was removed from his cell so that it could be searched for a piece of metal which Plaintiff allegedly refused to surrender. Less than two minutes later, Plaintiff was returned to his cell. Prison officials acted calmly and with restraint. There is no evidence that Plaintiff ever complained about the manner in which the restraints were applied, nor is there evidence that Plaintiff ever complained that he required medical attention. In sum, the videotape reveals nothing which supports the allegations in Plaintiff's complaint.

Defendants have also submitted copies of Plaintiff's medical records for the time period contemporaneous with the events presently at issue. (Dkt. #19, Exhibit 3). Plaintiff has not disputed the accuracy or completeness of Defendants' submission. These records reveal that Plaintiff was examined by a nurse on January 23, 2004, at which time he requested jock itch cream and indigestion medication. On January 26, 2004, a nurse went to Plaintiff's cell to check his blood pressure. Plaintiff refused to exit his cell and made no health-related complaints. *Id.* In sum, at worst Plaintiff suffered

mere discomfort or inconvenience as a result of being placed in restraints. Such de minimis injuries simply do not implicate the Eighth Amendment. *See Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (recognizing that the Eighth Amendment does not protect against "mere discomfort or inconvenience").

In conclusion, the evidence submitted in this matter reveals that Defendants were justified in placing Plaintiff in restraints and, furthermore, that Defendants employed only such force as was necessary to safely restrain Plaintiff. Accordingly, the Court concludes that Defendants are entitled to summary judgment as to Plaintiff's excessive force claims.

B.   Denial of Medical Treatment Claims

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for
> denying an inmate humane conditions of confinement unless the official

> knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847). However, when an inmate claims that his requests for medical treatment were delayed (rather than denied), the objective component of the analysis focuses on the effect of the alleged delay in treatment. *See Napier*, 238 F.3d at 742.

As previously noted, Plaintiff was examined by a nurse the day after the alleged incidents described in his complaint. Plaintiff did not allege any ill effects from his placement in restraints the previous day and the examination revealed no evidence of any such ill effects. Plaintiff has likewise submitted no other evidence from which it can reasonably be concluded that he suffered any detrimental effect from the delay in treatment he allegedly experienced. Accordingly, the Court concludes that Defendants are entitled to summary judgment as to Plaintiff's denial of medical treatment claims.

## II.     Plaintiff's Retaliation Claim

Plaintiff asserts that Defendants placed him in restraints "for no reason other than to punish and discourage [him] from litigating." Plaintiff also claims that Defendant Grider threatened to chain him to his bed if he did not "discontinue [his] litigation." The Court has interpreted Plaintiff's allegations as claims that he was subjected to improper retaliation in violation of the First Amendment.

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### 1. Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Id.* at 391 (citations omitted). This protection also guarantees to inmates the right to file non-frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct); *Violett v. Reynolds*, 2003 WL 22097827 at *2 (6th Cir., Sep. 5, 2003) (same).

Plaintiff asserts that Defendants retaliated against him in an effort to prevent him from "litigating." Plaintiff does not possess a general right to "litigate," but instead only enjoys constitutional protection to pursue "direct appeals, habeas corpus applications, and civil rights claims." Plaintiff has failed, however, to identify any litigation - proposed or actual - that allegedly prompted Defendants' actions. Given the numerous civil rights lawsuits which Plaintiff has filed in this Court it is not difficult to believe that Plaintiff has in the past initiated a civil rights action against these particular Defendants. To defeat a motion for summary judgment, however, Plaintiff is required to submit *evidence* to support

his position. Reliance on supposition, believe, or inference is insufficient. Accordingly, Plaintiff has failed to establish that he was engaged in protected conduct.

### 2. Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has held, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603 (quoting *Thaddeus-X*, 175 F.3d at 398). Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* at 603 (quoting *Thaddeus-X*, 175 F.3d at 398).

The Court cannot conclude that placing Plaintiff in restraints or threatening to chain him to his bed is "inconsequential." Therefore, there exists a factual dispute as to whether Defendants' alleged conduct was sufficient to deter a person of ordinary firmness.

### 3. Causal Connection

To sustain his retaliation claim, Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue, and as has been recognized, while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial. As the Sixth Circuit has stated, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead

establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399; *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if Defendant demonstrates that he "would have taken the same action in the absence of the protected activity," he is entitled to summary judgment. *Thaddeus-X*, 175 F.3d at 399.

As discussed above, Defendants have established that Plaintiff was placed in restraints because of his insolence and threatening behavior. As for Defendant Grider's alleged threat to chain Plaintiff to his bed, Plaintiff has failed to allege "a chronology of events from which retaliation may plausibly be inferred." In sum, Plaintiff has failed to establish the requisite causal connection. Accordingly, the Court concludes that Defendants are entitled to summary judgment as to Plaintiff's retaliation claims.

**III.        Plaintiff has Properly Exhausted his Claims**

As discussed above, Plaintiff was convicted of two major misconduct violations for actions taken immediately prior to the events giving rise to the present action. Defendants assert that because Plaintiff allegedly failed to exhaust his administrative remedies "concerning the misconduct tickets" his action must be dismissed for failure to exhaust all available administrative remedies.

Plaintiff's lawsuit does not challenge the validity of the major misconduct convictions. Instead, Plaintiff is challenging the legality of events which occurred subsequent to those which resulted in his major misconduct convictions. Defendants even acknowledge that "Plaintiff filed a belated Direct grievance on the incident raised in the complaint." With respect to exhaustion, Plaintiff did all that the

law requires. Defendants' argument that Plaintiff must not only fully exhaust his administrative remedies as to the claims asserted in his complaint, but must also exhaust his administrative remedies as to any and all contemporaneous activities is wholly without merit. The Court concludes, therefore, that Plaintiff has properly exhausted the claims articulated in his complaint.

### IV. Plaintiff's Claims Against Defendant Kruger

Plaintiff initiated the present action on October 22, 2004. On November 5, 2004, the Court directed that Plaintiff's complaint be served on Defendants. Summonses were issued on November 19, 2004. Service was subsequently effected on Defendants Grider and McCoy, on December 6, 2004, and December 15, 2004, respectively. The attempt to serve Defendant Kruger, however, was unsuccessful. Defendant Kruger has still not been served and Plaintiff has never requested the Court's assistance in effecting service on this Defendant.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, as well as the lack of merit in Plaintiff's claims against Defendant Kruger, the Court recommends that Plaintiff's claim against Defendant Kruger be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants McCoy's and Grider's Rule 56(b) Motion for Summary Judgment</u>, (dkt. #18), be **granted**. The Court further recommends that Plaintiff's claims against Defendant Kruger be **dismissed** for Plaintiff's failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 6, 2005     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge