UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRED REEVES,

        Plaintiff,

Case No. 4:04-CV-136

v.

Hon. Richard Alan Enslen

DANIEL KRUGER, *et al.*,

**JUDGMENT**

        Defendants.
_____/

      Plaintiff Fred Reeves has objected to the Report and Recommendation of July 6, 2005, which recommended the grant of summary judgment and dismissal of the suit. In accordance with 28 U.S.C. § 636, the Court reviews the Report and Recommendation, the Objections and pertinent parts of the record *de novo*.

      Plaintiff has sued custody staff for alleged violations of the Eighth Amendment and First Amendment to the United States Constitution arising out of incidents on January 22, 2004. As made clear in the Report, the incidents began when Plaintiff placed his arm through a food slot in his cell and threatened Resident Unit Officer Huizenga. Plaintiff was later administratively convicted of major misconduct--disobeying a direct order and threatening behavior (threatening to stab Huizenga)--which conviction must be accepted as establishing the violation conduct. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

      What happened after the misconduct is displayed on a videotape taken by the Department of Corrections. The videotape depicts a calm use of restraints in connection with a search of the prisoner. The videotape does not display any untoward use of force or restraint as to the prisoner.

The videotape does not show that the prisoner suffered pain or discomfort as a result of the restraints. The prisoner's medical records do not support an allegation that he suffered from any medical condition requiring treatment relating to the use of restraints. Put simply, the record contradicts Plaintiff's allegations and requires that summary judgment be granted on behalf of Defendants as recommended by the Magistrate Judge.

Plaintiff has also objected to the failure to provide him an extension of time under Federal Rule of Civil Procedure 4(m) to serve Defendant Kruger. Plaintiff has simply failed to establish "good cause" for the extension requested. Further, the extension request is futile since it would have the effect of continuing frivolous legal claims against Defendant Kruger. For the same reasons, Plaintiff's recent Motion for Extension should also be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Fred Reeves' Objections (Dkt. No. 31) and Motion for Extension (Dkt. No. 32) are **DENIED**, the Report and Recommendation (Dkt. No. 30) is **ADOPTED**, Defendants' Motion to Dismiss (Dkt. No. 18) is **GRANTED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court certifies under 28 U.S.C. § 1915(a) that an appeal of this Judgment would not be taken in good faith.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 10, 2005  RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE